**UNITED STATES of America, Appellee,**

v.

**Larry WILSON, Appellant.**

**No. 81–6634.**

United States Court of Appeals, Fourth Circuit.

Submitted Dec. 15, 1981.

Decided Jan. 28, 1982.

W. Rhett Eleazer, Charles G. Rowland, Columbia, S.C., on brief, for appellant.

Henry D. McMaster, U.S. Atty., Columbia, S.C., William Bradford Reynolds, Asst. Atty. Gen., Jessica Dunsay Silver, Mark L. Gross, Dept. of Justice, Washington, D.C., on brief, for appellee.

Before FIELD, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

K. K. HALL, Circuit Judge:

Larry Wilson appeals from a district court order denying his motion to withdraw his guilty plea. We find no error in the action taken by the district court, and therefore affirm.

Wilson and his wife operated a migrant worker camp in South Carolina. They were indicted for conspiracy and kidnapping with intent to hold one of the workers as a slave in violation of 18 U.S.C. §§ 2, 1583. The case went to trial, but after two days, the government and counsel for the defendants entered into a plea agreement. According to the agreement, Wilson would plead guilty to one count of kidnapping. In return, the government promised that he would receive no more than three years in jail, and that it would "waive its right to allocution under Fed.R.Crim.P. 32(a)."

At the sentencing hearing, the defendant presented character witnesses in an attempt to mitigate his sentence. In response to a question by the court, the attorney for the government stated:

Your Honor, in light of some of the things that have come up here during the

sentencing, the Government is aware of numerous other complaints which have been made against Mr. Wilson—not Mrs. Wilson—other allegations that people were held against their will.

I believe that you heard some testimony at trial from some workers who has previously worked for the Wilson labor camp. I'd just like you to keep that in mind that there have been other complaints against Mr. Wilson.

Judge Perry sentenced Wilson to two years in jail.

The defendant moved to have his guilty plea withdrawn on the grounds that the government attorney breached the plea agreement by making a statement. After hearing the motion, Judge Perry ruled that the government did breach the agreement and ordered him resentenced before another judge. Judge Chapman subsequently sentenced Wilson to two years in jail.

The defendant argues that the district court should have allowed him to withdraw his guilty plea because the file which the second judge used in resentencing contained the transcript of the first sentencing hearing. Wilson argues that Judge Chapman may have seen the prosecutor's remarks, and was therefore in the same position as Judge Perry. The defendant contends that the only proper solution under these circumstances would be to allow him to withdraw his plea and start over again.

We disagree. The Supreme Court has stated that the proper remedy for the government's breach of a plea agreement should be left to the discretion of the lower court.[1] *See Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). The remarks of the assistant U.S. attorney in this case were not as damaging as those of the prosecutor in *Santobello*,[2] yet in that case the Supreme

Court let the lower court decide whether to allow the defendant to withdraw his guilty plea or direct resentencing by a different judge. We see nothing in *Santobello* which requires the district court to purge its file if it chooses to assign the case to another judge for resentencing. Accordingly, we affirm the actions taken by the district court.

AFFIRMED.

---

1. The Supreme Court stated:
   "The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, *i.e.*, the opportunity to withdraw his guilty plea. 404 U.S. at 263, 92 S.Ct. at 499.

2. In *Santobello*, the prosecutor recounted the defendant's bad deeds and then asked the court to give him the maximum sentence.